**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **SA-17-CV-00433-FB** |
| **HSF&G INCORPORATED,** | § | |
| **GEORGE J. BALLIET,** | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment Against Defendant HSF&G Incorporated d/b/a Zona Bar and Supporting Brief [#23] and Plaintiff Joe Hand Promotions, Inc.'s Motion for Summary Judgment Against Defendant George J. Balliet and Supporting Brief [#24]. This case was referred to the undersigned for all pretrial proceedings pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends that the Motions [#23, #24] be **GRANTED**.

## I. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges federal claims arising under the Federal Communications Act of 1934 ("FCA"), as amended, 47 U.S.C. §§ 553, 605. (*See* Pl.'s Compl. [#1] at ¶ 4.)

## II.  Procedural History

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") originally filed this action against Defendants HSF&G Incorporation d/b/a Zona Bar ("HSF&G") and its owner George J. Balliet ("Balliet") on May 15, 2017, asserting claims of satellite and cable piracy based on Defendants' alleged unauthorized broadcast of the *Ultimate Fighting Championship 194:  Aldo vs. McGregor* ("the Program").  (Pl.'s Compl. [#1].)  Both Defendants were served with Plaintiff's Complaint and summons at the same address on May 29, 2017, making their answers due by June 19, 2017.  (Summons [#4, #5].)

On June 22, 2017, the Court received an Advisory from Plaintiff, to which Plaintiff attached a letter from Balliet addressed to counsel for Plaintiff stating that he "den[ied] any and all allegations set forth against [him] in the lawsuit."  (Advisory [#6] at 3.)  Balliet did not file the letter with the Court.  After HSF&G failed to respond to the Complaint, Plaintiff filed a motion for entry of default as to HSF&G on June 26, 2017.  (Mtn. for Entry of Default [#7].)  The Clerk entered default against HSF&G that same day.  (Clerk's Entry of Default [#8].)  Plaintiff moved to strike Balliet's letter as an improper answer on July 10, 2017.  (Mtn. to Strike [#9].)

The undersigned denied the motion to strike on the basis that Balliet's letter had not been filed with the Court, while agreeing with Plaintiff that the letter, if filed as an answer, would fail to conform with Rule 8 of the Federal Rules of Civil Procedure.  (Order [#11].)  The undersigned therefore ordered Balliet to file an answer conforming with Rule 8's requirements on or before December 19, 2017.  (*Id.*)  After receiving an extension from the Court to file his answer, Balliet filed a response to Plaintiff's Complaint on January 29, 2018.  (Balliet Answer [#16].)

Plaintiff now moves for a final default judgment against HSF&G for satellite piracy and an award of: (1) statutory damages in the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) additional damages in the amount of $50,000 for Defendant's alleged willful acts pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); (3) attorneys' fees in the amount of $3,775.00 plus post-trial and appellate services, if needed; (4) $505.00 in costs; and (5) post-judgment interest. To date, there has been no response filed to the motion for default judgment, and HSF&G has not otherwise made an appearance in this case.

Plaintiff also moves for summary judgment against Balliet. Plaintiff's motion was filed on August 29, 2018. Therefore, Balliet's response to Plaintiff's summary judgment motion was due by September 12, 2018. *See* Loc. R. CV-7(e) (responses to nondispositive motions due within fourteen days of motion's filing). To date, Balliet has not filed a response to the motion. Pursuant to Local Rule CV-7(e), if there is no response filed within the time period prescribed by the rules, the court may grant the motion as unopposed.

### III. Analysis

Having reviewed the motions and the record in this case in light of the governing law, the undersigned concludes that Plaintiff is entitled to a default judgment against HSF&G and summary judgment against Balliet. The undersigned further finds that Plaintiff should be awarded $3,300.00 in statutory damages, $1,100.00 in additional damages, and the requested $3,775,00 in attorney's fees already expended and $505.00 in costs.

**A.      Plaintiff is entitled to a default judgment against HSF&G.**

The Court should grant Defendant's motion for default judgment against HSF&G. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff. Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu,* 515 F.2d at 1206; *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint. *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

The record in this case establishes that HSF&G failed to plead or otherwise defend against Plaintiff's claims. HSF&G was served with a copy of Plaintiff's Complaint but failed to answer or otherwise respond. Accordingly, the undersigned finds that the Clerk properly entered default, and Plaintiff is entitled to a default judgment if the facts alleged in Plaintiff's Complaint state a claim upon which relief may be granted.

Plaintiff's Complaint alleges that HSF&G's conduct constitutes satellite piracy in violation of Section 605 of the Communications Act. (Compl. [#1] at ¶¶ 15–18.) Section 605 of the FCA prohibits a person not authorized by the sender from "receiv[ing] or assist[ing] in receiving any interstate or foreign communication by radio and us[ing] such communication (or

any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Section 605 further prohibits anyone unlawfully receiving such communications from divulging or publishing the information or transmission. *Id.* The FCA affords a private right of action to "[a]ny person aggrieved by any violation of" the Act. 47 U.S.C. § 605(e)(3)(A). To state a claim for a violation under Section 605(a), a plaintiff must allege that the defendant "intercepted or otherwise unlawfully appropriated [the plaintiff's] transmissions" or that the defendant exhibited an intercepted transmission without authorization. *DIRECTV Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005); *Joe Hand Promotions, Inc. v. Macias*, No. H–11–1773, 2012 WL 950157, at *2 (S.D. Tex. Mar. 19, 2012) ("The FCA is a strict liability statute, and the plaintiff is required only to prove the unauthorized exhibition of the intercepted transmission.")

Plaintiff alleges in its Complaint that it has been the exclusive domestic commercial distributor for the Ultimate Fighting Championship since 2001 and that it holds the exclusive right to license and distribute the Program to commercial establishments throughout the United States. (Compl. [#1] at ¶¶ 7–8.) Plaintiff alleges that it entered into agreements with various commercial establishments throughout the State of Texas that, in exchange for a fee, could then have the right to exhibit the Program to their patrons. (*Id.* at ¶ 9.) According to Plaintiff, HSF&G did not contract with Plaintiff or pay a fee to obtain the proper license or authorization to broadcast the Program. (*Id.* at ¶ 10.) Plaintiff claims that HSF&G nonetheless unlawfully transmitted the program by unauthorized satellite transmission or by unauthorized receipt over a cable system to patrons in its establishment, thereby infringing on Plaintiff's exclusive rights. (*Id.* at ¶¶ 11–13.) Plaintiff alleges these actions were committed willfully with the purpose and intent to secure a commercial advantage and private financial gain. (*Id.* at ¶ 13.) Accepting

these allegations as true, the facts alleged in Plaintiff's Complaint are sufficient to state a claim for violation of Section 605(a) of the FCA.

**B.    Plaintiff is entitled to summary judgment against Balliet.**

Plaintiff's motion seeks summary judgment on its FCA claims against Defendant George J. Balliet. Again, because Balliet has not filed a response to the motion, the Court may construe Plaintiff's motion as unopposed. *See* Loc. R. CV-7(e). The Court should grant Defendant's motion.

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering

depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the non-movant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Plaintiff's Complaint alleges the same allegations against Balliet as it does against HSF&G: that Balliet's conduct constitutes satellite piracy in violation of Section 605 of the Communications Act. (Compl. [#1] at ¶¶ 15–18.) To establish liability for purposes of summary judgment under Section 605, a strict liability statute, Plaintiff need only prove (1) that the Program was exhibited in Defendants' establishment, and (2) Plaintiff did not authorize the particular exhibition of the Program. *J & J Sports Prods., Inc. v. Little* Napoli, Inc., No. CIV.A. H-13-1237, 2014 WL 3667903, at *2 (S.D. Tex. July 22, 2014).

The summary judgment record reflects that on May 3, 2018, Plaintiff served Balliet with its requests for admission by both certified mail and e-mail. To date, Balliet has not responded to the requests. (Requests for Admission [#24-8] at 1–8.) Accordingly, the Court may deem the requests admitted as a matter of law for purposes of ruling on this motion and otherwise. *See* Fed. R. Civ. P. 36(a)(3) (providing that a matter is deemed admitted if not answered or objected to within 30 days of service). Federal Rule of Civil Procedure 56(c) specifies that "admissions on file" can be an appropriate basis for granting summary judgment. *In the Matter of John H. Carney; John H. Carney v. Internal Revenue Serv.*, 258 F.3d 415, 420 (5th Cir. 2001).

The following facts are therefore deemed admitted as a matter of law:

a) Defendant was an officer, director, and shareholder of HSF&G Incorporated on the date of the Event. *See* Exhibit D at deemed RFA Nos. 1-3.

b) HSF&G Incorporated conducted business as "Zona Bar" at 12066 Starcrest Dr., Suite 640, San Antonio, Texas on the date of the Event. *See* Exhibit D at deemed RFA No. 4.

c) Defendant had the right and ability to supervise the activities at the Establishment on the date of the Event, had a financial interest in the activities at the Establishment on the date of the Event, and received a direct financial benefit from the activities at the Establishment on the date of the Event. *See* Exhibit D at deemed RFA Nos. 5-7.

d) Defendant was present at the Establishment on the date of the Event and witnessed the broadcast of the Event at the Establishment. *See* Exhibit D at deemed RFA Nos. 8-9.

e) The Establishment was open for business on the date and during the time of the Event and was a commercial business that offered food and/or drink for purchase on the date of the Event. *See* Exhibit D at deemed RFA Nos. 10-11.

f) The Establishment did broadcast, in part of in full, the Event. *See* Exhibit D at deemed RFA No. 12.

g) Neither Defendant nor anyone else ordered the Event from Plaintiff for broadcast at the Establishment. *See* Exhibit D at deemed RFA No. 13.

h) Neither Defendant nor anyone else paid Plaintiff for the commercial exhibition rights to broadcast the Event at the Establishment. *See* Exhibit D at deemed RFA No. 14.

i) Neither Defendant nor anyone else had an agreement with Plaintiff to broadcast the Event at the Establishment. *See* Exhibit D at deemed RFA No. 15.

j) Defendant ordered and obtained the Event through a residential satellite television account registered to the address of the Establishment. *See* Exhibit D at deemed RFA No. 18.

k) The Event was ordered and obtained through a residential satellite television account in Defendant's name. *See* Exhibit D at deemed RFA No. 21.

l) Defendant knew that the Establishment did not obtain the commercial exhibition rights to the Event from Plaintiff. *See* Exhibit D at deemed RFA No. 22.

m) Defendant knew that the broadcast of the Event at the Establishment was not authorized by Plaintiff. *See* Exhibit D at deemed RFA No. 23.

n) Defendant knowingly broadcasted the Event at the Establishment. *See* Exhibit D at deemed RFA No. 24.

o) Defendant willfully broadcasted the Event at the Establishment. *See* Exhibit D at deemed RFA No. 25.

p) Certain programming is broadcast on the televisions at the Establishment to attract potential patrons. *See* Exhibit D at deemed RFA No. 26.

q) Defendant benefits financially when patrons spend money at the Establishment. *See* Exhibit D at deemed RFA No. 27.

r) Defendant benefited financially from the Establishment's sales on the date of the Event. *See* Exhibit D at deemed RFA No. 28.

s) Defendant advertised the broadcast of the Event at the Establishment. *See* Exhibit D at deemed RFA No. 29.

t) Defendant participated in the broadcast of UFC pay-per-view events at the Establishment. *See* Exhibit D at deemed RFA No. 30.

Plaintiff buttresses these admissions with an uncontested summary judgment record containing the affidavits of Joe Hand, Jr., Plaintiff's President, and Investigator Melanie LaVache, who was present in Defendants' establishment on the night of the Program, and various documents confirming the identity of Balliet as the President, Treasurer, and Director of HSF&G. (Hand Aff. [#24-2]), LaVache Aff. [#24-5], Tex. Corporate and Tax Docs. [#24-1].)

These undisputed facts establish that Plaintiff is entitled to summary judgment against Balliet. The evidence demonstrates that on the date of the Program, Balliet or his agents intercepted or received the transmission of the Program and broadcasted or assisted in the broadcast of the Program to the patrons of Zona Bar without authorization from Plaintiff. (Requests for Admission [#24-8]; Hand Aff. [#24-2]; LaVache Aff. [#24-5].) These facts constitute a violation of the FCA. *See J & J Sports Prods., Inc.*, 2014 WL 3667903, at *2.

Accordingly, Plaintiff is entitled to both a default judgment against HSF&G and summary judgment against Balliet, and the only remaining issue is the amount of damages to impose. *See Shipco*, 814 F.2d at 1014. Defendants should be held jointly and severally liable for the violation. *J & J Sports Prods., Inc. v. Rest. & Taqueria Cristina*, No. 3:11-CV-3104-N BF, 2013 WL 3878589, at *5 (N.D. Tex. July 29, 2013) (citations omitted).

**C.     Damages can be determined without an evidentiary hearing.**

Rule 55(b) provides a court with discretion to convene an evidentiary hearing on the issue of damages. Fed. R. Civ. P. 55(b)(2). When a party seeks default judgment, damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, where the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents," and where a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993) (a district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment). Here, Plaintiff does not request a hearing, has moved only for statutory as opposed to actual damages, and has attached detailed affidavits to its motion from which the Court may calculate damages. Accordingly, an evidentiary hearing to determine damages is unnecessary.

i.      Statutory damages in the amount of $3,300.00 are sufficient and reasonable.

Under the FCA, an aggrieved party may be awarded statutory damages for each violation of Section 605 "in the sum of not less than $1,000 or more than $10,000, as the court considers

just." 47 U.S.C. § 605(e)(3)(C)(i)(II).[1]  Plaintiff requests the statutory maximum of $10,000 for

Defendants' violation.  In support of its request for $10,000 in statutory damages, Plaintiff

proffers the affidavit of its President, Joe Hand, Jr. ("Hand").  (Hand Aff. [#23-2, #24-5] at 1–7.)

According to Hand, Plaintiff's business is damaged in several ways when establishments such as

HSF&G broadcast sports events without obtaining a required sublicense.  Hand states that

Plaintiff loses potential paying customers, anticipated revenue from sublicense fees, and its

reputation and goodwill, while Plaintiff's paying customers lose patrons to unauthorized

competitors.  (*Id.* ¶ 13.)

In the Western District of Texas, courts typically award plaintiffs asserting FCA claims a

flat sum of statutory damages based upon the cost of the sublicense fee a plaintiff should have

received and based on the capacity of the establishment at issue, as well as an additional amount

sufficient to deter future violations and to account for additional damages incurred by the

plaintiff, such as the potential erosion of the plaintiff's customer base and profits made by the

defendant in selling food and drinks to its patrons.  *See, e.g.*, *J&J Sports Prods., Inc. v. Bandera*

*Cowboy Bar LLC,* No. 5:15-CV-352-DAE, 2016 WL 2349123, at *5 (W.D. Tex. May 2, 2016)

(awarding plaintiff $3,500 in statutory damages where plaintiff charged a license fee of $2,200 to

comparably sized commercial establishments and plaintiff submitted evidence that defendant's

actions eroded its customer base); *J&J Sports Prods., Inc. v. Chucho's Mexican Rest., Inc*., No.

1-15-CV-361 RP, 2015 WL 7301183, at *3 (W.D. Tex. Nov. 18, 2015) (awarding plaintiff

$6,600 in statutory damages by trebling the amount defendants would have owed for a

---

[1] Alternatively, a plaintiff may recover "the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages." 47 U.S.C. § 605(e)(3)(C)(i)(I).  Plaintiff, however, elects to receive statutory damages, asserting that "it would be impossible to determine the full extent of the profits lost by Plaintiff and the additional damages sustained by Plaintiff as a result of Defendant's unlawful actions."  (*See* Motion [#23] at ¶ 23.)

sublicensing fee to lawfully broadcast the event); *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) (awarding plaintiff $2,625 in statutory damages, treble the amount it would have cost Defendant to purchase the fight, to "account[] for the money saved by not complying with the law, as well as any profits made from food and drink sales associated with the customers who stayed and watched the fight").

According to Hand, had Defendants lawfully purchased the program, Defendants would have incurred a sublicense fee in the amount of $1,100.00 based upon the 60-person capacity of the establishment. (Hand Aff. [#23-2] at ¶ 8) (incorporating by reference the Rate Card for the program, attached at [#23-4].) The undersigned concludes that trebling the sublicense fee Defendants would have incurred had it properly purchased the Program would account for any direct and indirect losses suffered by the Plaintiff, and it deters future violations. *See e.g., Chucho's Mexican Rest.,* 2015 WL 7301183, at *3 ("To determine the amount of statutory damages this Court agrees with other courts [in the Fifth Circuit] that a reasonable award is treble what would have been the cost had Defendants followed the law."). Accordingly, Plaintiff should be awarded $3,300.00 in statutory compensatory damages.

    ii.    Additional damages in the amount of $1,100.00 are justified.

Under the FCA, where a court finds a violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff seeks $50,000 in additional damages based on Defendants' willfulness.

Plaintiff maintains that Defendants acted "willfully" as the establishment could not have "innocently" accessed the broadcast of the Program given that the satellite signal was

"electronically coded or scrambled" and was not available to the general public. (Compl. [#1] at ¶ 11; Hand Aff. [#23-2, #24-5] at ¶ 10.) According to Plaintiff, Defendants' receipt of the Program would have required the use of specialized equipment such as a "blackbox," "smartcard," an illegal cable drop, or other illegal unencryption devices. (Hand Aff. [#23-2, #24-5] at ¶ 12.) Courts find similar allegations justify a finding of willfulness. *See Chucho's Mexican Rest.*, 2015 WL 7301183, at *3 (citing various authorities); *see also Garcia*, 546 F. Supp. 2d at 385 (concluding that defendant's violation was willful "[b]ecause of the extreme unlikelihood that Defendant could inadvertently have acquired the signal to display the fight, coupled with its failure to file an answer denying Plaintiff's allegations on this issue").

Plaintiff also presents evidence establishing that Defendants exhibited the Program for either direct or indirect commercial gain, as the establishment advertised the Program and sold food and beverages during the display of the Program for its patrons on a large projector screen. (LaVache Aff. [#23-5, #24-5] at 2, 9; Online Ads. [#23-7] at 1–2.) Courts have found similar evidence sufficient to prove commercial gain motivated a defendant's actions. *See e.g.*, *Chucho's Mexican Rest.*, 2015 WL 7301183, at *4 (finding commercial motive where defendant showed the event to its twenty-six patrons while offering alcoholic beverages for sale); *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 817–18 (N.D. Tex. 2015) (finding commercial motive where defendants advertised the showing of the event; charged a ten dollar cover to view the event; broadcasted the event on five televisions, one of which was a large-screen television, and sold food and beverages to the sixty patrons). Accordingly, an award of additional damages based upon Defendants' willfulness and commercial motive is appropriate.

Again, this Court has discretion to set the amount of additional damages based on a defendant's willfulness up to a maximum of $100,000 for any single violation. 47 U.S.C. § 605(e)(3)(C)(ii). Although the undersigned agrees with Plaintiff that some additional amount of damages are warranted here as a deterrent, five times the maximum statutory damages ($50,000) is not. In calculating the amount of additional damages, courts typically apply a multiplier of the statutory award or sublicense cost, considering the number of televisions used to broadcast the event, the number of patrons present on the day in question, whether the defendant imposed a cover charge and/or advertised the event, whether the defendant was a repeat offender, and the need to deter future violations. *See Morelia Mexican Rest.*, 126 F. Supp. 3d at 818 (collecting cases).

Here, the evidence establishes that the Program was displayed on twelve televisions located in the establishment; only 24 people were in attendance; and there was no cover charge for viewing. (LaVache Aff. [#23-5, #24-5] at 1–2.) There is also no evidence that Defendants are repeat offenders. Under the circumstances, the undersigned finds that an additional damages award of $1,100.00 is appropriate, an amount approximately equal to the sublicensing fee Defendants should have paid to broadcast the Program. *See e.g.*, *Chucho's Mexican Rest.,* 2015 WL 7301183, at *4 (finding an additional damages award of $2,200 (the amount it would have cost the defendant to sublicense the event) reasonable where the event was only exhibited on a single television and defendant did not charge a cover to watch the event or advertise the event).

**D.     Plaintiff is entitled to reasonable attorney's fees and costs already expended.**

Because Plaintiff is a prevailing party in this FCA action, attorney's fees and costs already expended should be awarded. Counsel for Plaintiff seeks attorney's fees in the amount of $3,775.00 at a rate of $250.00 per hour for 15.1 hours she expended in litigating this case to a

default judgment against Defendants and in connection with seeking summary judgment against Balliet, as well as costs in the amount of $505.00 ($400.00 in filing fees for the Complaint and $105.00 in connection with service of process). (King Aff. [#23-8] at 1–4.) Under the FCA, the Court is required to order the recovery of full costs, including attorneys' fees, to an aggrieved party who prevails. 47 U.S.C. § 605(e)(3)(B)(iii). Having reviewed the Affidavit of Jamie King, counsel for Plaintiff, in support of her request for attorney's fees, the undersigned finds that the rate of $250.00 is reasonable for an attorney practicing in the field of anti-piracy litigation with comparable experience to Ms. King. The undersigned also finds that the 15.1 hours expended by Ms. King in litigating this case is reasonable. The undersigned will therefore recommend an award of $3,775.00 in fees and $505.00 in costs, utilizing the lodestar method proposed by Ms. King. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (lodestar method "is applied by multiplying the number of hours reasonably expended by an appropriate rate in the community for the work at issue").

Plaintiff's counsel also seeks attorneys' fees for possible future appeals: an award of $2,500.00 for collection of judgment in the event Plaintiff obtains a writ of execution, writ of garnishment, or other process, $5,000.00 in the event Defendants file a post-judgment or pre-appeal motion, and $15,000.00 in the event Defendants file an appeal to the Fifth Circuit. The undersigned finds that an award for future possible appeals is not warranted. *See Sports Prod. v. Rodriguez*, No. SA-13-CA-342-XR, 2013 WL 3967833, at *2 (W.D. Tex. July 31, 2013) (granting fees and costs already expended but denying request for fees for future appeals). Nothing in this report and recommendation should be construed as preventing Plaintiff from filing a motion for additional attorneys' fees in the event that Defendants files post-judgment or pre-appeal motions or an appeal.

# IV. Conclusion and Recommendation

Having considered Plaintiff's motions, the case file, and the lack of response from HSF&G or Balliet, the undersigned recommends that Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment Against Defendant HSF&G Incorporated d/b/a Zona Bar and Supporting Brief [#23] and Plaintiff Joe Hand Promotions, Inc.'s Motion for Summary Judgment Against Defendant George J. Balliet and Supporting Brief [#24] be **GRANTED IN PART** as follows:

1.  That judgment by default be entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendant HSF&G Incorporated d/b/a Zona Bar;

2.  That summary judgment be entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendant George J. Balliet;

3.  That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $3,300.00;

4.  That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $1,100.00;

5.  That Plaintiff recover reasonable attorney's fees from Defendants, jointly and severally, in the amount of $3,775.00;

6.  That Plaintiff recover costs from Defendants, jointly and severally, in the amount of $505.00; and

7.  The Court award Plaintiff post-judgment interest on the amounts awarded herein at the appropriate annual rate from the date of this judgment until paid.

In all other respects, Plaintiff's motions should be **DENIED**.

## V.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of October, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE